## J. HENRY MUMBLO
vs.
## ST. STANISLAUS ROMAN CATHOLIC CHURCH

Superior Court      New Haven County      File #53729

MEMORANDUM FILED MARCH 21, 1938.

Robert J. Woodruff, of New Haven, for the Plaintiff.

Ullman & Jacobs, of Meriden; Dennis T. O'Brien, Jr., of Meriden, for the Defendant.

BALDWIN, J.   The defendant, late in 1936 and early in 1937, erected a large building which is known as its Community Building, at a cost to it of approximately $126,000 upon land owned by the defendant lying adjacent to and easterly of the plaintiff's land upon which plaintiff with his family lives.

The church parish includes upwards of five thousand people of whom approximately three thousand are of the age of eighteen years or over.   It also maintains a school having eight hundred and seventeen registered pupils, its school building having thirteen rooms.

These buildings, the church, school house and community building, are all located upon a tract of land in Meriden owned by the defendant and they are in fairly close proximity to each other.

The plaintiff has brought an action in two counts against this defendant.   In the first count he alleges that the erection and maintenance of the community building has so changed the grade of defendant's land as to cause large quantities of rain water to collect and be discharged upon his land, and that during the erection of the building large quantities of rain water were collected upon the roof of the building and discharged upon his land and that this water washed out his yard and plants and shrubs therein and his driveway and that quantities of this water ran into his cellar, destroying things therein, . . . . . . rendering his house damp and causing the floors

to buckle and become uneven and affecting his health and that of his family and causing discomfort and inconvenience.

In the second count it is alleged that the defendant has used this building for roller skating and dancing and has maintained a bowling alley and a place where beer is sold therein and that the noise emanating therefrom is great and continues late at night and constitutes a nuisance and has disturbed his sleep and that of his family and has injured them mentally and physically.

In an amendment to the complaint it is alleged that this building was erected and is maintained in violation of the zoning ordinances of the city. Plaintiff claims damages and injunctive relief.

It appeared upon the trial that roller skating and the sale of beer therein was no longer, and for sometime prior to the trial, had not been permitted therein.

Prior to the erection of the building an application to the Board of Building Commissioners was duly made of which plaintiff had notice and of the uses and purposes to be made of the building, yet he made no protest whatever to that board nor did he take the matter to the board of appeals.

The building includes on the lower floor a gymnasium and its heating plant; on the second floor along the westerly side are club rooms for young men and boys and a room where some refreshments are sold, and on the easterly side are girls' club rooms and on either side are shower baths, one side for men and boys and the other side for women. Between this arrangement of rooms—through the center of the building, on this floor, are the bowling alleys. Upon the third floor is a large auditorium with a stage and dressing accommodations. There are no sleeping rooms.

The building is used for social, recreational and educational purposes by members of the parish and their families as incident and accessory to the church and educational work of the parish. It also serves the public at large since any person of good morals and character residing in Meriden upon payment of the nominal sum of six dollars a year may avail himself of its social and club characteristics and comforts and conveniences. It comes well within the permissive uses of a building located in a General Residence District, in which it is located, under the Zoning Ordinances of Meriden. The

building is not maintained and operated for commercial gain. The charges made for its uses are designed to meet only maintenance and operating expenses. It is a project most desirable in the community the welfare of which, in accord with the aims and desires of the parish, it serves.

The burden of the controversy upon the trial involved the injuries and damages resulting from the collecting and discharging of rain water from plaintiff's land and the noise and disturbance resulting from the use of the bowling alleys and the playing of basketball and the dancing and the collection of people for those purposes and their coming to and going away from the building.

The disturbance, if any, resulting from aggregations of people coming to or leaving the building or gathering about it or in that vicinity is a matter of police surveillance in a city like Meriden.

Upon the conclusion of the trial, with the counsel, the Court viewed the properties of the parties. As before noted. plaintiff's lot upon which his house stands is westerly of the defendant's land upon which its community building stands. The defendant's land and building is high over plaintiff's land, so high that the lower floor of the community building is about on a level with the roof of plaintiff's house, and this house is forty feet from defendant's building.

Plaintiff claimed that before the erection of defendant's building his house had not suffered from dampness and that his cellar was always dry. This claim was substantially contradicted by reliable evidence that on several occasions before the erection of this building water in quantity was in plaintiff's cellar and that measures had been taken to drain it from the cellar. His claim as to damages to his yard and the plants and shrubs and driveway and the floors in his house were grossly exaggerated.

The natural slope of the land before building operations were commenced was such that surface water, to some extent, from defendant's land, would find its way onto the plaintiff's land. During building operations the work was carried on under such methods that rain water collected upon the roof could not reach plaintiff's land, nor cause that or his house damage. The size of this building—eighty by one hundred feet—is so large, occupying so much of the defendant's land adjoining that of the plaintiff and the ample means provided

for collecting and conveying the rain water that may fall thereon to a city storm sewer and the grading done by defendant actually results in reducing the quantity of surface water that may accumulate upon defendant's land and reach that of the plaintiff as compared with the conditions existing before the advent of the building.

The building is of substantial construction, its outer walls being of brick and of substantial thickness. Between the outer walls along the sides of the building and the central space on the second floor where the bowling alleys are located is the series of rooms before described. These rooms are divided from that space occupied by the bowling alleys by partitions. These partitions, rooms and heavy outer brick walls serve to effectively reduce the noise from the bowling that reaches the outside and to confine it to the interior of the building. The claimed noise resulting from dancing, basketball and bowling is neither in the extent of its volume nor duration in point of time sufficient to constitute a nuisance. The claim of disturbance resulting from these conditions closely approaches in exaggeration plaintiff's claim of damages resulting from rain water, and like that claim is effectively met by the defense.

There is, necessarily, some noise resulting from the comingling of people for social and recreational pursuits. These events, and such noise and disturbance as result therefrom, are incident to life in our centers of population. Here they are well confined within the bounds of reason and are not such as will justify the Court in awarding damages or in restraining this defendant from carrying on the beneficial community work it is doing by laying upon it the heavy hand of the injunction.

Judgment may be entered for the defendant.